837 F.2d 476
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Robert J. KONDRAT, Plaintiff-Appellant,
v.
J.M. MANOS; C.G. Kennedy; N.R. Jones; A.E. Norris,
Defendants-Appellees.
 No. 87-3604.
 United States Court of Appeals, Sixth Circuit.
 Jan. 26, 1988.
 
 1
 Before BAUER, Chief Judge, CUMMINGS, Circuit Judge, and PELL, Senior Circuit Judge*
 
 ORDER
 
 2
 This pro se Ohio plaintiff appeals the district court's judgment dismissing his "Complaint for Obstruction of Justice." Plaintiff also appeals the district court's decision denying his motion for change of venue. The appeal has been referred to a panel, specially designated by the Chief Justice, for disposition pursuant to Rule 9(a), Rules of the Sixth Circuit. The panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In his complaint against four federal judges, plaintiff alleged that defendants' rulings against him in his civil rights litigation resulted in the obstruction of justice and the denial of his constitutional rights. In his motion for change of venue, plaintiff alleged the district court judge to whom the underlying case was assigned had also ruled against him in prior proceedings. The district court denied the motion for change of venue. Defendants were found to be absolutely immune from suit for damages, and the complaint was dismissed pursuant to Fed.R.Civ.P. 12(b)(6).
 
 
 4
 Upon review we conclude the district court properly dismissed the complaint. Defendants are absolutely immune from this suit. See Stump v. Sparkman, 435 U.S. 349, 355-57 (1978); King v. Love, 766 F.2d 962, 965 (6th Cir.), cert. denied, 474 U.S. 97 (1985). We further conclude that the district court did not abuse its discretion by overruling the motion for change of venue. Liberally construed as a motion for disqualification, the motion fails to state adequate grounds for relief. A judge's actions in pending or previous litigation in which the movant has been involved are not grounds for disqualification. INVST Financial Group, Inc. v. Chem-Nuclear Systems, Inc., 815 F.2d 391 (6th Cir.), cert. denied, 108 S.Ct. 291 (1987).
 
 
 5
 Accordingly, the district court's judgment is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 Honorable William J. Bauer, Chief Judge, United States Court of Appeals for the Seventh Circuit; Honorable Walter J. Cummings, Circuit Judge, United States Court of Appeals for the Seventh Circuit; Honorable Wilbur F. Pell, Jr., Senior Circuit Judge, United States Court of Appeals for the Seventh Circuit. This panel of judges is sitting pursuant to the designation of the Chief Justice. 28 U.S.C. Sec. 291(a)